UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES LEE CREMEANS, | ) | |
| | ) | Case No. 1:06-CV-01092 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE ANN ALDRICH |
| | ) | |
| JULIUS WILSON, | ) | Magistrate Judge Kenneth S. McHargh |
| | ) | |
| Respondent. | ) | |
| | ) | MEMORANDUM AND ORDER |
| | ) | |
| | ) | |

In 2004, petitioner James Lee Cremeans was arrested and charged with attempted murder and felonious assault. A jury acquitted Cremeans of attempted murder, but convicted him of felonious assault in the Summit County Court of Common Pleas, and the court sentenced him accordingly. Clemeans appealed, and in January 2005 the Ohio Court of Appeals affirmed his conviction. In May 2005, the Ohio Supreme Court dismissed Cremeans' leave to appeal as not involving any substantial constitutional question.

On May 3, 2006, Cremeans filed a timely petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 [Docket No. 1]. The petition was referred to Magistrate Judge McHargh for a report and recommendation ("R&R"), which was filed on August 17, 2007 [Docket No. 10].

Magistrate Judge McHargh recommended that Cremeans' petition for habeas corpus relief be denied because neither of the petition's two grounds for relief presented proper claims. First, Cremeans asserts that he was deprived of his due process rights because the verdict for felonious assault was against the manifest weight of the evidence. This is a matter of state law that is not cognizable in federal habeas review. *Cameron v. Birkett*, 348 F.Supp.2d 825, 838 (E.D. Mich. 2004) (citing cases). Second,

Cremeans asserts his due process rights were violated because the trial court did not instruct the jury on a lesser included offense, specifically, aggravated assault. The failure to instruct on lesser included offenses in noncapital cases, such as this, is not cognizable in federal habeas cases. *Campbell v. Coyle*, 260 F.3d 531, 541 (6th Cir. 2001), cert. denied, 535 U.S. 975 (2002). Furthermore, the allegation that an instruction may be incorrect under state law is not a basis for habeas relief. *Estelle v. McGuire*, 502 U.S. 62, 71-72 (1991).

Neither party filed an objection to the R&R. As a result, the parties have waived further review in this court of the R&R's findings of fact and conclusions of law, as well as the right to appeal this order to the Sixth Circuit. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir.1995). This court adopts the well-reasoned and thorough R&R in its entirety, and for the reasons stated therein, denies Cremeans' petition for habeas corpus relief.

This order is final but not appealable.

IT IS SO ORDERED.

                         */s/ Ann Aldrich*
                         ANN ALDRICH
                         UNITED STATES DISTRICT JUDGE

**Dated: September 11, 2007**